ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Defendant-appellant Kathleen Walsh ("Walsh") appeals the trial court's affirmance of the Ohio Unemployment Compensation Review Commission's ("the Commission") decision denying her unemployment benefits. Finding no merit to this appeal, we affirm.
 {¶ 3} Walsh was employed as a secretary for the Cuyahoga County Auditor, Department of Health, from October 2000 through November 2001. She was terminated after she failed to report for work from October 22 through November 1, 2001, the date of her predisciplinary hearing. The Commission determined that, as a result of Walsh's combined absences and failure to notify her employer concerning her absences, she was terminated with just cause and not entitled to unemployment compensation benefits. Walsh appealed to the Cuyahoga County Court of Common Pleas, which affirmed the Commission. Walsh appeals, raising two assignments of error.
 {¶ 4} R.C. Chapter 4141 sets forth the statutory framework for entitlement to unemployment compensation. Pursuant to R.C. 4141.282(H), a common pleas court is required to uphold a decision of the Commission unless the decision is found to be unlawful, unreasonable, or against the manifest weight of the evidence. In reviewing the Commission's decision, this court must apply the same standard of review as the lower court.Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv., 73 Ohio St.3d 694,1995-Ohio-206, paragraph one of the syllabus. Thus, we must affirm the trial court unless we find that the Commission's decision was unlawful, unreasonable, or against the manifest weight of the evidence. Id. "While appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have the duty to determine whether the board's decision is supported by the evidence in the record." Id. at 696.
 Due Process Hearing {¶ 5} In her first assignment of error, Walsh contends that she was denied the right to due process because she never received the required pretermination hearing. However, the record reveals that a hearing was scheduled on November 1, 2001, for which she received notice. Walsh's failure to appear at the hearing does not negate the fact that the hearing was held.
 {¶ 6} Moreover, Walsh's subjective belief that she was terminated on October 19 was not reasonable under the circumstances. The evidence is undisputed that her employer contacted her twice following her failure to appear the week of October 22 and that it further mailed her notice of a predisciplinary hearing. At the meeting with her department director on October 19, Walsh claims that Terrence Allen said "the best thing for [her] advantage was for [her] to send in a resignation letter." She claims he asked her to leave and that he would expect a letter. However, Allen's testimony contradicts Walsh's claim that he told her not to return to work. She was upset before he said anything to her, and he told her to go home because she was so upset. He told her to take the weekend and think about whether she wanted the job and that they would discuss the matter on Monday, October 22. He told her co-workers that she was considering resigning. Therefore, there is sufficient evidence supporting the Commission's finding that Walsh was not terminated on October 19. Rather, her termination resulted from her abandonment of her job after the October 19 meeting with Allen.
 {¶ 7} The first assignment of error is overruled.
 Manifest Weight of the Evidence {¶ 8} In her second assignment of error, Walsh contends that the Commission's decision is against the manifest weight of the evidence. She claims that the testimony of her co-worker supported her contention that Allen terminated her employment on October 19 without the benefit of a hearing. Again, as stated above, we must accept the Commission's findings when such findings are supported by sufficient evidence in the record.
 {¶ 9} Allen testified that he told Walsh to take the weekend to consider whether she wanted the job. Allen had also spoken to Walsh in the preceding two months concerning deficiencies in her job performance. Walsh learned from co-workers that her employer believed she was going to resign. Walsh also received notice of a predisciplinary hearing. However, she never sent a resignation letter nor attended the hearing. Based on her failure to notify her employer of her intention to remain in her job, her failure to report to work from October 22 through November 1, and her failure to appear for the predisciplinary hearing, the employer found that Walsh had abandoned her job. Therefore, the Commission held that she was terminated with just cause. This court cannot say that this finding is against the manifest weight of the evidence.
Judgment affirmed.
It is ordered that appellees recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J.* Concurs Blackmon, A.J. dissents (see separatedissenting opinion)
* Sitting by assignment, Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.
 DISSENTING OPINION